## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jacqueline Elizabeth Frazier,<br><br>Plaintiff,<br><br>v.<br><br>Norman Kenneth Bickford and Webster School District,<br><br>Defendants. | Case No. 14-cv-3843 (SRN/JJK)<br><br><br><br>**ORDER** |

Robert Bennett, Esq., Kathryn Bennett, Esq., and Andrew J. Noel, Esq., Gaskins, Bennett, Birrell, Schupp, LLP, counsel for Plaintiff.

Emile H. Banks, Jr., Esq., and Thomas J. Donnelly, Esq., Emile Banks & Associates, LLC; and Thomas A. Harder, Esq., Foley & Mansfield PLLP, counsel for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendants Norman Kenneth Bickford's ("Bickford") and Webster School District's ("WSD") (collectively, "Defendants") Motion to Amend Order on Report and Recommendation to Certify for Interlocutory Appeal ("Motion") [Doc. No. 56]. For the reasons set forth below, Defendants' Motion is denied.

## I.    BACKGROUND

The factual and procedural background of this matter is well documented in the prior rulings of this Court and only briefly summarized here. The parties do not dispute this background.

**A.  Factual Background**

In May 2014, Plaintiff Jacqueline Elizabeth Frazier ("Frazier"), a Minnesota resident, was struck by a school bus in Minnesota.  That school bus was owned by WSD, a Wisconsin school district near the Minnesota border, and operated by Bickford, a citizen of Wisconsin, who was employed by WSD as a bus driver.  Bickford was operating the school bus in the course of his employment, taking school children on a field trip to Target Field in Minneapolis when he struck Frazier.  As a result of the collision, Frazier sustained serious injuries.

Prior to this incident, WSD purchased, from a private insurer ("CIC"), an insurance policy ("the CIC Policy").  The CIC Policy provides WSD with public entity liability insurance up to $5 million per occurrence for incidents involving bodily injury.  The CIC Policy also contains a provision which seeks to preserve any statutory municipal liability limitation (or cap) applicable to WSD ("the Non-Waiver Provision").

**B.  Procedural Background**

Frazier brought a tort claim seeking damages from Defendants.  Two issues affect the amount Frazier might recover: (1) the statutory cap on the amount a municipality, such as WSD, may be required to pay; and (2) whether WSD's purchase of the CIC Policy waived any applicable statutory cap.  These issues in turn depend on whether Minnesota or Wisconsin law applies.

In Minnesota "every municipality is subject to liability for its torts," Minn. Stat. § 466.02, but that liability is capped at $500,000 for claims arising after July 1, 2009, Minn. Stat. § 466.04.  Wisconsin imposes a lower statutory cap of $250,000 on municipal

liability for accidents involving motor vehicles.  Wis. Stat. § 345.05(3).

The potential effect of a municipality purchasing liability insurance in excess of any statutory cap also differs between Wisconsin and Minnesota.  In Minnesota, "[t]he procurement of such insurance constitutes a waiver of the limits of governmental liability under section 466.04 only to the extent that valid and collectible insurance . . . exceeds those limits and covers the claim."  Minn. Stat. § 466.06.  In Wisconsin, procurement of insurance in excess of the statutory caps does **not** waive those limitations.  Wis. Stat. § 893.80(9)(a).   To waive the statutory limit, the policy must explicitly state the municipality's intent to do so.  Gonzalez v. City of Franklin, 403 N.W.2d 747, 755-57 (Wis. 1987).

Based on the above, Frazier moved for partial summary judgment, specifically requesting a finding that Minnesota law applied and that Defendants waived the $500,000 statutory cap by procuring the CIC Policy (meaning Frazier could recover up to the $5,000,000 policy limit).  Conversely, Defendants moved for partial summary judgment asking for a finding that Wisconsin law applied, capping damages at $250,000, or that if Minnesota law applied, the CIC Policy did not waive the statutory cap of $500,000.  The Magistrate Judge concluded that Minnesota law applied, but that the Non-Waiver Provision was effective, limiting Frazier's potential recovery to the statutory cap of $500,000.  (Report and Recommendation dated August 25, 2015 ("R & R") at 34–35 [Doc. No. 50].)  Both parties objected to the R & R: Plaintiff objected to the conclusions regarding the effect of the Non-Waiver Provision while Defendants objected to the choice of law conclusions.

This Court subsequently issued an order adopting the R & R's choice of law analysis, but respectfully disagreeing with its conclusions regarding the effect of the Non-Waiver Provision.  (See Order dated October 15, 2015 ("Order") [Doc. No. 55].)  After examining the statutory history of Minn. Stat. § 466.06 and the limited case law on waiver of municipal liability caps in Minnesota, the Court concluded that the Non-Waiver Provision did not preserve WSD's liability cap under § 466.04.  (Id. at 8–27.)  Thus, the Court ruled that Minnesota law applied and that Frazier could recover up to the $5 million limit of the CIC Policy.  (Id. at 38.)

Defendants now wish to pursue an interlocutory appeal of the Court's rulings on choice of law and waiver of the statutory liability cap despite the Non-Waiver Provision.  (See Motion.)  Importantly, they do not ask that the Court certify any question or issues to the Minnesota Supreme Court pursuant to Minn. Stat. § 480.065, subd. 3.  Instead, Defendants argue that an interlocutory appeal is appropriate because the issues present controlling questions of law, there are substantial grounds for a difference of opinion on each issue, and an appeal would materially advance the ultimate termination of the litigation.  (See Defs.' Mem. of Law in Supp. of Mot. ("Defs.' Mem.") [Doc. No. 57].)  Frazier opposes the Motion and argues that this is not one of the rare circumstances warranting an interlocutory appeal and would instead create piecemeal appeals and unnecessary delays in the litigation.  (See Pl.'s Mem. of Law in Opp. to Defs.' Mot. ("Pl.'s Resp.") [Doc. No. 60].)

## II.    DISCUSSION

### A.  Legal Standard for Interlocutory Appeals

The Order Defendants hope to appeal was a non-final order. As such, its interlocutory appeal is governed by 28 U.S.C. § 1292. This statute allows a district judge to certify a non-final order for interlocutory appeal where: (1) the order involves a controlling question of law; (2) there exist substantial grounds for difference of opinion on that question; and (3) the immediate appeal of the order would advance the ultimate termination of the litigation.[1] 28 U.S.C. § 1292(b). However, interlocutory appeals are the exception, not the rule. Johnson v. Jones, 515 U.S. 304, 309 (1995).

> An interlocutory appeal can make it more difficult for trial judges to do their basic job—supervising trial proceedings. It can threaten those proceedings with delay, adding costs and diminishing coherence. It also risks additional, and unnecessary, appellate court work either when it presents appellate courts with less developed records or when it brings them appeals that, had the trial simply proceeded, would have turned out to be unnecessary.

Id. Interlocutory appeals are only appropriate in "extraordinary cases" where an appeal might avoid prolonged and expensive litigation. Union Cty., Iowa v. Piper Jaffray & Co., 525 F.3d 643, 646 (8th Cir. 2008). They are "not intended merely to provide review of difficult rulings in hard cases." Id. (quoting United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)). The movant "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994).

---

[1] Even if a district court certifies an interlocutory appeal under 28 U.S.C. § 1292, the Court of Appeals can refuse to take the appeal at its discretion. See Fed. R. App. Proc. 5(a).

**B.  Whether the Order Addresses Controlling Questions of Law**

Defendants argue both the choice of law and waiver of the municipal liability cap rulings are controlling questions of law.  (See Defs.' Mem. at 5–10.)  Defendants allege that if Wisconsin law applied, there is no doubt that the Non-Waiver Provision would be effective and limit Frazier's potential recovery to Wisconsin's municipal liability cap of $250,000.  (See id. at 6–7.)  Furthermore, Defendants claim that statutory interpretation, like that done by the Court in deciding the statutory liability cap waiver issue, qualifies as a controlling issue of law.  (Id. at 8.)  Defendants contend that because an Eighth Circuit decision related to Minn. Stat. § 466.06 would have precedential value, it is a controlling issue of law.  (Id. at 8–9.)

An issue is a controlling question of law if reversal of the district court's order would terminate the action, or is "quite likely" to influence the course of the litigation. Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., No. 10-cv-4948 (JRT/TNL), 2015 WL 4898662, at *2 (D. Minn. Aug. 17, 2015) (quoting Century Pac., Inc. v. Hilton Hotels Corp., 574 F. Supp. 2d 369, 372 (S.D.N.Y. 2008) and Sokaogon Gaming Enter. Corp. v. Tushie–Montgomery Assocs., Inc., 86 F.3d 656, 659 (7th Cir. 1996)). Generally, a choice of law determination is not an appropriate question for an interlocutory appeal.  See Liberty Synergistics Inc. v. Microflo Ltd., 718 F.3d 138, 149 (2d Cir. 2013); Gramercy Mills, Inc. v. Wolens, 63 F.3d 569, 571 (7th Cir. 1995).  Nor is a federal district court's ruling on a state statute the proper basis for interlocutory appeal where there is little or no state case law on the issue.  See Cummins v. EG & G Sealol, Inc., 697 F. Supp. 64, 70 (D.R.I. 1988); Hulmes v. Honda Motor Co., 936 F. Supp. 195,

211 (D.N.J. 1996) <u>aff'd,</u> 141 F.3d 1154 (3d Cir. 1998); <u>Hubbard v. Phil's BBQ of Point Loma, Inc.,</u> No. 09CV0735-LAB (CAB), 2010 WL 3069703, at *1 (S.D. Cal. Aug. 4, 2010); <u>PYR Energy Corp. v. Samson Res. Co.,</u> No. 105-CV-530, 2007 WL 858803, at *1 (E.D. Tex. Mar. 16, 2007).  As the <u>Cummins</u> Court explained:

> After careful consideration, this Court holds that it is improper to certify a question of state law to the United States Court of Appeals for interlocutory review.  Since this Court is likely to certify the retaliatory discharge issue to state court should that be necessary after a full trial, § 1292(b) certification is inappropriate.  Furthermore, delaying certification to state court until after trial is the best course to take because it will provide the Rhode Island Supreme Court with a fully developed factual basis upon which to rule, and avoids the danger of certifying a question which may be rendered moot through further litigation.

> If, on the other hand, this Court were to grant § 1292(b) certification, the First Circuit Court would find itself in no better position to make a determination concerning state law than this Court now finds itself.  In fact, it is quite likely that the Court of Appeals, should it accept the interlocutory appeal, would feel compelled to itself certify the state law issue to the Rhode Island Supreme Court.  The delay that would be caused by such a circuitous certification route, of an issue that may become moot, would be inefficient for the courts involved and unfair to the litigants.

<u>Cummins</u>, 697 F. Supp. at 70; <u>see also</u> <u>Hulmes</u>, 936 F. Supp. at 211 (refusing to certify state law interpretation question because the Third Circuit Court of Appeals "would be forced to predict whether this court's prediction of the New Jersey Supreme Court's probable ruling, if faced with the facts of this case, was correct.  I respectfully suggest that the Third Circuit is in no better position to make such a prediction than is this court."); <u>Hubbard</u>, 2010 WL 3069703 at *1 (refusing to certify state law interpretation question because the California Supreme Court had not ruled on the issue, meaning the Ninth Circuit Court of Appeals "would have no better information than [the district

court]").

Here, the issues Defendants seek to certify to the Eighth Circuit fall into these prohibited categories.[2]  First, the choice of law determination is a fact driven question not suitable for interlocutory appeal.  See Nat'l Union Fire Ins. Co., 2015 WL 4898662 at *3 (holding that even mixed questions of fact and law are not controlling questions of law suitable for interlocutory appeal).  Minnesota's choice of law analysis is well settled.[3] (See Order at 29–38.)  As such, the choice of law determination here involves only applying the facts of this case to that law.  Furthermore, as previously noted, Minnesota case law supports the Court's conclusion that Minnesota law applies on the facts of this case.  (See id. at 30–32, 34–36 (distinguishing Lommen v. City of E. Grand Forks, 522 N.W.2d 148 (Minn. Ct. App. 1994) and highlighting the factual similarities of City of Red Wing v. Ellsworth Cmty. Sch. Dist., 617 N.W.2d 602, 606 (Minn. Ct. App. 2000).)  On appeal, the Eighth Circuit would follow this same precedent and likely reach the same conclusion.  See Schwan's Sales Enterprises, Inc. v. SIG Pack, Inc., 476 F.3d 594, 595 (8th Cir. 2007) (federal courts sitting in diversity apply the choice of law analysis

---

[2] The Court notes that Plaintiff does not dispute that the Court's ruling on choice of law and waiver of the municipal liability caps addressed controlling questions of law.  (Pl.'s Resp. at 4, n.3.)  Instead, Plaintiff elected to challenge Defendants' interlocutory appeal motion on the basis that there are not substantial grounds for a difference of opinion on these issues.  (Id.)  As discussed in detail below, the Court agrees with Plaintiff that there are not substantial grounds for a difference of opinion here.  However, neither Plaintiff nor Defendants highlighted the cases which found that an interlocutory appeal of a federal district court's state law ruling to a federal appellate court is improper.  The Court finds the reasoning of these cases persuasive and thus concludes its rulings on choice of law and waiver of the liability caps are not controlling questions of law appropriate for interlocutory appeal.

[3] No party disputes the factors to be considered under Minnesota's choice of law analysis.

prescribed by the forum state); <u>Gray v. FedEx Ground Package Sys., Inc.</u>, 799 F.3d 995, 999 (8th Cir. 2015) (when predicting how a state's highest court would rule on a state law issue, federal courts follow the decisions of the state's intermediary courts).

Second, this Court's holding that the Non-Waiver Provision did not preserve WSD's municipal liability cap pursuant to Minn. Stat. § 466.06 is not an appropriate basis for an interlocutory appeal. There is no Minnesota case law directly addressing whether non-waiver provisions in private insurance contracts preserve municipal liability caps under Minn. Stat. § 466.06. (<u>See</u> Order at 8–27.) What relevant Minnesota case law does exist supports this Court's conclusion that the Non-Waiver Provision is ineffective. (<u>See</u> <u>id.</u> at 12–27 (discussing <u>Ellsworth</u>, 617 N.W.2d 602 and <u>Casper v. City of Stacy</u>, 473 N.W.2d 902 (Minn. Ct. App. 1991).) On appeal, the Eighth Circuit would be bound to follow the same Minnesota case law when predicting how the Minnesota Supreme Court would rule on the waiver issue. <u>See</u> <u>Gray</u>, 799 F.3d at 999. Respectfully then, the Eighth Circuit would be in no better position than this Court to make such a determination and an interlocutory appeal is not warranted. <u>See</u> <u>Cummins</u>, 697 F. Supp. at 70; <u>Hulmes</u>, 936 F. Supp. at 211; <u>Hubbard</u>, 2010 WL 3069703 at *1.

**C.  Whether There Are Substantial Grounds for Differences of Opinion**

Defendants argue there are substantial grounds for a difference of opinion on both the choice of law and waiver issues. (<u>See</u> Defs.' Mem. at 10–12.) On the choice of law issue, Defendants note that the Court distinguished <u>Lommen</u> and thus suggest that the appropriate choice of law determination on the facts of this case is an unsettled issue where an Eighth Circuit decision "would be precedent . . . ." (<u>Id.</u> at 11.) Similarly,

Defendants claim that the Court's ruling on the ineffectiveness of the Non-Waiver Provision presents a novel legal issue warranting an interlocutory appeal. (Id. at 11–12.)

Substantial grounds for a difference of opinion can exist where "the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions," or if the question is one of first impression. Graham v. Hubbs Mach. & Mfg., Inc., 49 F. Supp. 3d 600, 612 (E.D. Mo. 2014), reconsideration denied (Sept. 29, 2014) (quotations omitted). However, novel controlling issues of law which warrant interlocutory appeal exist only in "extraordinary circumstances." See Piper Jaffray & Co., 525 F.3d at 647. A "sufficient number of conflicting opinions" would evidence substantial grounds for disagreement. White, 43 F.3d at 378. But, a dearth of cases on a particular issue does not necessarily indicate there are substantial grounds for different opinions. Id. A party's own "strong disagreement with the [district court's] ruling" is not substantial grounds for claiming a difference of opinion. Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010).

Here, there are not substantial grounds for a difference of opinion on either issue Defendants hope to appeal. The Court's choice of law determination in the context of municipal liability caps is not the sort of extraordinary, novel issue which warrants an interlocutory appeal. First, as described above, this issue is one of state law. Second, the Lommen case relied on by Defendants to argue that Wisconsin's law should apply does not conflict with this Court's ruling otherwise. As the Court noted before, Lommen is readily distinguishable because it dealt with municipal immunity—rather than liability caps—under markedly different circumstances. (See Order at 31, 34–35.) Defendants

offer no case law which conflicts with the Court's choice of law determination here.[4]

Third, the dearth of case law addressing choice of law under the exact facts of this case is

not a reason to conclude there are substantial grounds for a difference of opinion.  See

White, 43 F.3d at 378.  If it were, the application of facts to well-settled law would

always present substantial grounds for a difference of opinion warranting interlocutory

appeal.  This is plainly not the case.  See Johnson, 515 U.S. at 309.

Similarly, there are insufficient grounds to find that the waiver issue is one of

those extraordinary circumstances that merits an interlocutory appeal.  The waiver issue

is also one pertaining to state law.  The Defendants do not present, nor can the Court find,

any case law which contradicts this Court's ruling on the ineffective nature of the Non-

Waiver Provision.   Although no Minnesota state court case directly addresses the

effectiveness of a non-waiver provision under Minn. Stat. § 466.06, the absence of case

law does not warrant the conclusion that there are substantial grounds for a difference of

opinion.  See White, 43 F.3d at 378.  Moreover, what relevant Minnesota case law does

exist and Minnesota's statutory provisions themselves strongly support this Court's ruling

that the Non-Waiver Provision is ineffective.  (See Order at 8–27.)  Defendants disagree

with the Court's ruling, but this is not a valid basis alone for an interlocutory appeal.  See

Couch, 611 F.3d at 633.  Finally, as discussed above, federal court rulings on state law,

like Minn. Stat. § 466.06, are not the sort of novel controlling questions of law

appropriate for interlocutory appeal.  See supra Part II.B.

---

[4] In fact, as previously noted, Ellsworth supports this Court's choice of law ruling on
markedly similar facts.  See supra Part II.B.

### D. Whether An Interlocutory Appeal Would Materially Advance the Ultimate Termination of the Litigation

Defendants contend that the likelihood of an interlocutory appeal materially advancing the ultimate termination of this case "affords the most compelling justification for certifying the issues . . . for immediate appeal . . . ." (Defs.' Mem. at 12.)  According to Defendants, the case is still in a relatively early stage meaning all parties face substantial litigation expenses moving forward.  (Id. at 12–13.)  Furthermore, Defendants note the extreme difference in potential recovery amounts—$250,000 (if Wisconsin law applies), $500,000 (if Minnesota law applies, but the Non-Waiver Provision is effective), or $5 million (if Minnesota law applies and the Non-Waiver Provision is ineffective). (Id. at 14–15.)  Defendants argue that the likelihood of settlement increases substantially if the choice of law and waiver issues are conclusively settled because such resolution will allow the parties to fully evaluate their potential recovery or exposure.  (Id. at 15.) Without such a conclusive holding, Defendants claim that neither side is likely to settle, meaning additional expenses will be incurred trying the case.  (Id. at 16.)

When considering whether an interlocutory appeal would materially advance the termination of the litigation, "the Court must balance the burden certification would impose on many entities, including the district court and court of appeals."  Nat'l Union Fire Ins. Co., 2015 WL 4898662 at *4.  Interlocutory appeal of unsettled questions of state law that would likely involve both the federal appellate court and a state supreme court creates delays and expenses, for the courts and the parties, which weigh against granting such an appeal.  See PYR Energy Corp., 2007 WL 858803 at *1; Hubbard, 2010

WL 3069703, at *1.  Moreover, an interlocutory appeal should not be had where it would do no more to advance termination of the case than simply proceeding with the litigation. Hartley v. Suburban Radiologic Consultants, Ltd., No. 11-cv-2664 (JRT/JJG), 2013 WL 6511847, at *2 (D. Minn. Dec. 12, 2013).  The potentially deleterious impact, both in delay and expense, if the district court's ruling is upheld on interlocutory appeal cannot be ignored.  Id. at *3; see also Ray v. Union Pac. RR. Co., 971 F. Supp. 2d 869, 896 (S.D. Iowa 2013) ("Defendant is correct that **if** this Court certifies the matter, and **if** the Eighth Circuit agrees with Defendant's position . . . this litigation will end.  The Court cannot, however, ignore the reasonable likelihood of an alternate outcome, namely that the Court of Appeals would affirm this Court's ruling . . . .  Indeed, if this latter scenario comes to fruition, the litigation in this matter will have been dramatically and unnecessarily prolonged, at significant expense to both parties, by an interlocutory appeal." (emphasis original) (internal quotations omitted)).

Defendants' argument that an interlocutory appeal would materially advance the termination of this litigation has some merit.  As they point out, a definitive ruling on the choice of law and waiver issues could substantially increase the likelihood of settlement. However, two considerations weigh heavily against finding that an interlocutory appeal would materially advance the termination of this case.

First, the considerable delay and expense for all parties and courts created by an interlocutory appeal, especially if certification to the Minnesota Supreme Court was called for, weighs heavily against granting an interlocutory appeal.  See Nat'l Union Fire Ins. Co., 2015 WL 4898662 at *4.  If this Court's rulings are upheld "the litigation in this

matter will have been dramatically and unnecessarily prolonged, at significant expense to both parties, by an interlocutory appeal." See Ray, 971 F. Supp. 2d at 896 (denying certification for interlocutory appeal).

Second, the settlement landscape in this matter, without an interlocutory appeal, is not as unique as Defendants suggest.  The parties know what their potential recoveries and exposures are now.  This Court held that Minnesota law applies and that the Non-Waiver Provision is ineffective, meaning Frazier may recover up to the $5 million CIC Policy limit.  The fact that the Eighth Circuit (potentially with input from the Minnesota Supreme Court) might overturn these decisions on appeal is no different than the legal reality facing any litigant—there is always some risk a decision or award from a lower court will, or will not, be overturned on appeal.  The parties here must weigh their chances at trial, but also on appeal, in deciding whether or not to settle and for what amount.

## III.    CONCLUSION

Defendants fail to meet their heavy burden of demonstrating that the issues they seek to certify are the extraordinary sort warranting interlocutory appeal.  See White, 43 F.3d at 376.  Defendants will have the opportunity to challenge the Court's rulings on choice of law and the ineffectiveness of the Non-Waiver Provision on appeal after final judgment is rendered.  However, an interlocutory appeal on these issues would only serve to delay the proceedings and presents the risk of creating piecemeal, incomplete, and potentially unnecessary appeals.  See Johnson, 515 U.S. at 309.

**IV.    ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Defendants' Motion to Amend Order on Report and Recommendation to Certify for Interlocutory Appeal [Doc. No. 56] is **DENIED**.


Dated: December 15, 2015                   s/Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States District Judge