UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jacqueline Elizabeth Frazier,　　　　　　　　　Case No. 14-cv-3843 (WMW/TNL)

　　　　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　**ORDER ON MOTIONS IN LIMINE**
v.

Norman Kenneth Bickford and
the Webster School District,

　　　　　　　Defendants.

---

This matter is before the Court on nine motions in limine—four filed by Plaintiff Jacqueline Elizabeth Frazier, (Dkts. 140, 142, 144, 151), and five filed by Defendants Norman Kenneth Bickford and the Webster School District, (Dkts. 158, 160, 163, 166, 169). For the reasons addressed below, the Court grants in part and denies in part the parties' motions.

## BACKGROUND

Frazier suffered injuries on May 29, 2014, when a school bus hit her while she was crossing the street in downtown Minneapolis. Bickford was driving the school bus for the Webster School District. When the accident occurred, Bickford had just dropped off a group of students for a Minnesota Twins baseball game at Target Field. Bickford was following another school bus driver with whom he was in radio contact. Although the lead driver had a map to a parking lot, the two drivers became separated. While trying to find the parking lot, Bickford began turning left from North Second Avenue onto Interstate 394 and struck Frazier, who was walking in the crosswalk while the traffic

light was green. Frazier was seriously injured. According to the complaint, Frazier has had at least nine surgeries and continues to have "significant impairments" in her daily life. Frazier sued Bickford and the school district, alleging that Bickford was negligent and that the school district is vicariously liable for her injuries.

The parties now seek rulings on the admissibility of certain evidence at trial. Both parties move to exclude evidence that Bickford was not issued a traffic citation following the May 29, 2014 accident. Consequently, those motions are granted. Frazier also moves to admit in evidence the Wisconsin Commercial Driver's Manual (Driver's Manual), preclude defense counsel from asking lay witnesses any "possibility" questions, and limit the expert testimony of Defendants' medical expert Dr. Patricia Aletky. Defendants cross-move to exclude the Driver's Manual and move to exclude certain photographs and a video recording taken at the scene of the accident, photographs of Frazier's injuries taken in the hospital, and evidence pertaining to Bickford's driving activity and his discomfort driving in downtown Minneapolis.

## ANALYSIS

**I.       Cross-Motions Regarding the Driver's Manual**

In cross-motions, Frazier argues that the Driver's Manual is relevant and admissible evidence; and Defendants argue that the statements in the Driver's Manual are inadmissible hearsay, irrelevant, and unfairly prejudicial. A "statement" is hearsay if it was made out of court and is "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(a), (c). In response to Defendants' argument that the Driver's Manual is inadmissible hearsay, Frazier asserts that the

Driver's Manual is admissible evidence under the public records exception to the hearsay rule,[1] and that it is relevant to establish "what Bickford had learned and been tested on regarding driving school buses" and "how Bickford was to safely operate a school bus."

On the current record, Frazier has not identified which provisions of the Driver's Manual she seeks to admit in evidence, precisely how any particular provision of the Driver's Manual is relevant to a fact in issue, and whether the purpose for which Frazier intends to use this evidence is to prove the truth of any matter asserted in the Driver's Manual such that it constitutes inadmissible hearsay. Consequently, the Court cannot rule on the admissibility of the Driver's Manual, or any portion thereof, outside the context of trial.

For these reasons, the Court denies, without prejudice, the parties' cross-motions regarding the admissibility of the Driver's Manual.

## II.     Plaintiff's Motion to Preclude "Possibility" Questions

Frazier moves to preclude defense counsel from asking lay witnesses any "possibility" questions because such questions call for speculation as to issues on which the witness lacks foundation. Because Frazier does not know what questions defense counsel will ask, nor can the Court predict what those questions will be or whether those questions will elicit an inadmissible answer, any ruling on this motion would be

---

[1] That exception provides, in relevant part, that hearsay is admissible if it is a "record or statement of a public office" that "sets out . . . the office's activities" and "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8).

speculative and advisory. Thus, Frazier's motion is premature. Should the circumstances warrant, the Court will entertain objections to such questions in the context of trial.

Accordingly, the Court denies, without prejudice, Frazier's motion to preclude questions that call for speculation.

### III. Plaintiff's Motion to Limit Expert Testimony of Dr. Patricia Aletky

Frazier moves to exclude certain portions of the expert testimony of Dr. Aletky that allegedly impugn Frazier's credibility and character. These statements pertain to (1) alleged inconsistencies between what Frazier reported to Dr. Aletky and other evidence in the record, (2) adverse experiences in Frazier's past involving a "housing market scam" of which Frazier was a victim and the consequences Frazier experienced for shoplifting in high school, and (3) suggestions that Frazier's counsel orchestrated Frazier's Post-Traumatic Stress Disorder (PTSD) diagnosis and treatment. Frazier argues that the statements at issue are not the proper subject of expert testimony under Rule 702, Fed. R. Evid., and should be excluded as irrelevant and unfairly prejudicial.

Expert testimony is admissible if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Expert testimony "is not helpful if it draws inferences or reaches conclusions within the jury's competence or within an exclusive function of the jury." *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998).

Frazier first moves to exclude Dr. Aletky's testimony regarding inconsistencies in Frazier's statements. Defendants argue that this testimony is relevant to Frazier's credibility. Although Frazier's credibility may be relevant to the disputed issues in this

4

case, evaluating her credibility is not a proper subject of expert testimony. *See id.* Expert opinions as to a plaintiff's credibility "create a serious danger of confusing or misleading the jury, causing it to substitute the expert's credibility assessment for its own common sense determination." *Id.* (internal citation omitted). It may be permissible for Dr. Aletky to testify regarding aspects of diagnosing PTSD, such as "psychiatric terms and the situations in which they may arise." *Id.* It also may be permissible for Dr. Aletky to testify regarding statements Frazier made to her, if those statements are relevant and otherwise admissible. But testimony pertaining to Dr. Aletky's opinion of Frazier's credibility or testimony suggesting that Frazier's statements were "inconsistent and changed over time" is not permissible. *Id.* at 884. Credibility determinations are entrusted to the jury without the aid of an expert opining directly on trustworthiness. Although Frazier's credibility is relevant, these aspects of Dr. Aletky's anticipated testimony are inadmissible.

Frazier next moves to exclude testimony regarding past adverse experiences— namely, when she was victimized by to a housing market scam and when she experienced consequences for shoplifting in high school. Defendants argue that this testimony is relevant to Frazier's PTSD diagnosis. Although these incidents are briefly referenced in the notes of the therapist who diagnosed Frazier with PTSD, nothing in the record suggests that these incidents are germane to Frazier's PTSD diagnosis or relevant to Dr. Aletky's contrary opinion. *See id.* at 885 (explaining that prior trauma has little probative value when the record does not indicate that the trauma pertains to the disputed PTSD diagnosis). Defendants do not explain the particular relevance of this evidence;

instead they suggest that it necessarily is relevant because it appears in Frazier's doctor's notes.  But the presence of passing references to these incidents in Frazier's medical records, without more, does not establish their relevance to a fact in issue in this case.  Moreover, Dr. Aletky's report appears to opine that Frazier does not have PTSD; the report does not opine that Frazier has PTSD that is attributable to other adverse experiences in her past.

Frazier argues that testimony about these past incidents, even if relevant, is unfairly prejudicial and impugns her character.  Although the record reflects that Frazier was the victim, not the perpetrator, of the "housing market scam," the probative value of this evidence, if any, is substantially outweighed by the danger of confusing or misleading the jury.  *See* Fed. R. Evid. 403.  Similarly, any probative value of Frazier's high school shoplifting experience is substantially outweighed by the risks of both confusing or misleading the jury *and* unfairly prejudicing Frazier.  *See id.*  These aspects of Dr. Aletky's anticipated testimony are inadmissible.

Finally, Frazier moves to exclude any testimony pertaining to her lawyer's suggestion that she seek therapy for PTSD.  Defendants argue that such testimony is relevant to the credibility of the PTSD diagnosis.  But the identity of the person who convinced Frazier to seek therapy—be it Frazier's lawyer, doctor, or someone else entirely—does not make the accuracy of the resulting diagnosis any more or less likely.  These aspects of Dr. Aletky's anticipated testimony are irrelevant and inadmissible.

For the foregoing reasons, Frazier's motion to limit the expert testimony of Dr. Aletky is granted.

## IV. Defendants' Motion to Exclude Photographs and Video

Defendants move to exclude six photographs and one video that depict the scene of the accident and two photographs of Frazier in the hospital.[2] In support of their motion, Defendants argue that the seven exhibits depicting the scene of the accident are cumulative and unfairly prejudicial and that one such exhibit is sufficient. Defendants also contend that the photographs of Frazier in the hospital have no probative value and risk unfair prejudice.

A court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice" or "needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[E]vidence is not unfairly prejudicial merely because it hurts a party's case." *United States v. Emeron Taken Alive II*, 262 F.3d 711, 714 (8th Cir. 2001). Subject to Rule 403, whether to admit photographs into evidence is within the discretion of the district court. *See Roberts v. Hollocher*, 664 F.2d 200, 204 (8th Cir. 1981). Frazier argues that four of the photographs of the scene of the accident depict different vantage points of the school bus and are probative of how the accident occurred as well as the legitimacy and severity of both the physical injuries and emotional trauma that Frazier experienced. Frazier asserts that the remaining two photographs and the video depicting the scene of the accident counter Bickford's claim that Frazier was not visible to him. The Court agrees with Frazier that these exhibits have significant probative value. Moreover, although these exhibits are graphic and prejudicial to

---

[2] The challenged exhibits are marked for identification as Plaintiff's Exhibits 62, 63, 72-75, 80, 82, and 83.

7

Defendants' case, their probative value outweighs the danger of unfair prejudice and they are not needlessly cumulative. *See United States v. Lowrimore*, 923 F.2d 590, 593 (8th Cir. 1991) (explaining that "all relevant evidence invariably is [prejudicial], so the only question is whether [the challenged] evidence [is] *unfairly* prejudicial" (emphasis added)); *see also* Black's Law Dictionary 1370 (10th ed. 2014) (defining "prejudice" to mean "[d]amage or detriment to one's legal rights or claims").

With respect to the photographs of Frazier taken at the hospital, Defendants assert in a conclusory manner that "[p]hotographs taken during surgery have no probative value and only create unfair prejudice against the defense." As with the photographs of the accident scene, however, photographs of Frazier taken in the hospital a short time after the accident are probative of the nature and severity of her injuries. And the fact that these exhibits are graphic and prejudicial to Defendants' case does not render their probative value substantially outweighed by *unfair* prejudice. *See id.*

For the foregoing reasons, Defendants' motion to exclude the photographs and video from evidence is denied.

## V. Defendants' Motion to Exclude Evidence Pertaining to Bickford's Driving Activity and Discomfort

Defendants move to exclude evidence pertaining to Bickford's driving activity and discomfort. In particular, Defendants seek to exclude (1) evidence or testimony that Bickford felt "uncomfortable" driving in downtown Minneapolis, (2) evidence regarding Bickford's driving activity during the period between dropping off his passengers at Target Field and reaching the accident intersection, and (3) evidence pertaining to the

8

route onto Interstate 394 that Bickford would have driven had the accident not occurred. Defendants argue that this evidence is irrelevant and that the danger of unfair prejudice substantially outweighs the probative value of this evidence.

Relevant evidence is evidence that has "any tendency" to make a fact of consequence in determining the action "more or less probable than it would be without the evidence." Fed. R. Evid. 401. "The standard for relevancy under Rule 401 is 'any tendency,' which is an extremely low burden." *Kozlov v. Assoc. Wholesale Grocers, Inc.*, 818 F.3d 380, 396 (8th Cir. 2016) (quoting Fed. R. Evid. 401(a)). Here, the Court concludes that the challenged evidence regarding Bickford's driving is relevant to establish that Bickford was lost, confused, and uncomfortable in the moments leading up to the accident. These are factors that make it more probable that Bickford failed to operate his vehicle in a reasonable manner, and they are probative of Bickford's ability to drive safely.

A court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Defendants' argue that this evidence, to the extent it is relevant, has minimal probative value because it does not make a fact of consequence to the action more or less likely. The Court disagrees. Consistent with Minnesota's civil jury instruction guides, the parties' joint proposed jury instructions include a description of the applicable duty of care, which includes "keep[ing] a reasonable lookout," keeping a vehicle "under reasonable control," and that a violation of these duties depends on, among other things, "[a]ll the existing circumstances." 4A Minn. Dist. Judges Ass'n, *Minnesota Practice—Jury Instruction*

9

*Guides, Civil*, CIVJIG 65.10 (6th ed. 2015). Evidence that Bickford may have been lost, confused, or uncomfortable in the moments leading up to the accident is probative of these facts of consequence. In addition, Defendants have not established that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. In sum, Rule 403, Fed. R. Evid., does not warrant excluding this evidence.

Defendants also assert that evidence of Bickford's driving during the period shortly before the accident is inadmissible "other acts" evidence. Rule 404(b) prohibits the introduction of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But evidence of Bickford's driving conduct and distractions he encountered in close temporal proximity to the accident is *res gestae* because such evidence closely relates to and provides context for the accident. *See Century '21' Shows v. Owens*, 400 F.2d 603, 610 (8th Cir. 1968) (affirming admission of evidence "as part of the res gestae" of automobile accident because "the jury should be given a full picture of the collision" (internal quotation marks omitted)). Moreover, this evidence does not constitute "other bad acts" introduced improperly to prove Bickford's character and show that he acted in accordance with it; rather, this evidence is admissible to provide context for the accident and insight as to Bickford's frame of mind and level of attentiveness when the accident occurred. Thus, Rule 404(b), Fed. R. Evid., does not warrant exclusion of this evidence.

Accordingly, Defendants' motions to exclude evidence pertaining to Bickford's driving activity and discomfort are denied.

# ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. The parties' motions in limine to exclude evidence of the non-issuance of a traffic citation, (Dkts. 140, 158), are **GRANTED**.

2. The parties' cross-motions in limine regarding the admissibility of the Wisconsin Commercial Driver's Manual, (Dkts. 144, 160), are **DENIED**.

3. Plaintiff's motion in limine to preclude defense counsel from asking possibility questions, (Dkt. 142), is **DENIED**.

4. Plaintiff's motion in limine to limit the testimony of Dr. Patricia Aletky, (Dkt. 151), is **GRANTED**.

5. Defendants' motion in limine regarding photographs, (Dkt. 166), is **DENIED**.

6. Defendants' motions in limine regarding Defendant Norman Kenneth Bickford's driving conduct, (Dkts. 163, 169), are **DENIED**.


Dated: August 4, 2017            s/Wilhelmina M. Wright
                                                            Wilhelmina M. Wright
                                                            United States District Judge